71 So.2d 127

STATE v. SLACK.

No. 41535.

Feb. 15, 1954.

———◆———

Goodwyn H. Harris, Jr., Mansfield, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. Reuel Boone, Dist. Atty., Many, and Jack E. Burgess, Asst. Dist. Atty., Mansfield, for appellee.

her application writs were granted by this court, and the case is now before us under our supervisory jurisdiction.

The defendant reserved and perfected several bills of exception, among which were bills of exception to the overruling of her motion to quash the bill of information and her motion in arrest of judgment. In these motions she contends that the bill of information filed against her does not charge an offense under the law of this state, and that Ordinance No. 435 of the Police Jury of Webster Parish, adopted under the authority of a local option election held in the unincorporated portion of Ward 2 of that parish, is null, void, and of no force and effect.

In our opinion the motion in arrest of judgment is well founded and should have been sustained, as it is patent on the face of the record that the bill of information does not charge an offense.

The bill of information charges that the defendant " * * * did * * * *violate the provisions of Louisiana Revised Statutes of 1950 26:495* by selling a beverage of high alcoholic content, namely whiskey, at the commercial establishment known as the 'Chatter Box' located in the unincorporated portion of Ward Two of Webster Parish, Louisiana, in violation of Ordinance #435 of the Webster Parish Police Jury prohibiting the sale of alcoholic beverages of high alcoholic content in said area". (All italics ours.)

Campbell & Campbell, Minden, for defendant-relatrix.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Louis H. Padgett, Jr., Dist. Atty., Bossier City, for the State.

HAWTHORNE, Justice.

Relatrix-defendant Mrs. Edward Slack was charged in a bill of information with violating R.S. 26:495, tried, convicted, and sentenced to 30 days' imprisonment. Upon

By this bill of information therefore the State sought to charge the defendant with violating the provisions of a state statute, R.S. 26:495. An examination of R.S. 26:-495 shows that the act alleged as constituting a violation of it could not be a violation of this statute. The statute provides that "No person shall sell any beverages of high alcoholic content in violation of any lawful ordinance or regulation *adopted by authority of this Part* by any parish or municipality". The act alleged as constituting this offense was that the defendant sold whiskey in violation of Ordinance No. 435 of Webster Parish. The question then presented is whether Ordinance No. 435 of the Police Jury of Webster Parish was adopted "by authority of this Part" within the contemplation of R.S. 26:495. The words "this Part" could apply only to Part VI of Chapter II of Title 26, wherein Section 495 appears. The heading of this Part VI of Chapter II of Title 26 is "Local Taxation and Regulation", and nowhere in this part is the authority given to a police jury to adopt any ordinance prohibiting the sale of intoxicating liquors, nor does this part provide for the holding and conducting by any subdivision of this state of a local option election to prohibit the sale of such intoxicating liquors. Part VI is made up of six sections, and these sections have for their purpose, as disclosed in the heading of Part VI, the local taxation and regulation of the sale of alcoholic beverages, and not the prohibition of sale.

Ordinance No. 435 of the Police Jury of Webster Parish was not adopted "by authority of this Part" within the meaning of R.S. 26:495, and a violation of that ordinance therefore would not be a violation of R.S. 26:495. Consequently the bill of information does not charge an offense under the law.

The statute authorizing local option elections in various subdivisions of the state is found in Chapter III of Title 26, and in R.S. 26:158, found in Part IV of Chapter I, there is a provision that no person shall sell or keep for sale any alcoholic beverages for beverage and business purposes in any subdivision of the state where the sale of alcoholic beverages is prohibited by law or ordinance. However, the defendant in this case was not prosecuted for a violation of this section of the state law.

Since we are of the opinion that the motion in arrest of judgment is well founded, it is unnecessary for us to discuss relatrix' contention that Ordinance No. 435 of the Police Jury of Webster Parish, adopted pursuant to the authority of a local option election, is null, void, and of no force and effect.

For the reasons assigned, the motion in arrest of judgment is sustained, the conviction and sentence of relatrix are reversed and set aside, and the relatrix is ordered discharged.